DECISION
case management conference was held on December 11, 2008. Gary Holcomb, Public Accountant, and Richard Gramkow, Tax Manager, appeared for Plaintiff. Vickie Ellinwood, Melissa Willams, and Corey Henkelman, appraisers, appeared for Defendant. The parties agreed this Decision would be based on the written submissions and information presented at the conference.
The issue concerns a personal property penalty imposed for the 2007-08 tax year on Account P2150022. Plaintiff seeks a waiver of that penalty.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property located in Washington County. Plaintiff operates a business enterprise and is required to file annual personal property returns by March 1 of each year. For tax year 2007-08, a return was not submitted.
Because the return was not submitted before August 1, the county assessed a penalty of 50 percent. Plaintiff was given notice of those fees by way of an omitted property notice dated July 29, 2008. *Page 2 
Plaintiff's representative stated the items in question were constantly moving locations and were managed by an outside company. (Ptf's Compl at 2.) Further, there was a problem in devising a method to "correctly and accurately report these assets to the county assessor." (Id.) Plaintiff's representative stated that it first became aware of the need to file a return in February of 2008.
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff did not file its return before August 1, 2007. Pursuant to the statute, Plaintiff is responsible for a 50 percent penalty. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows an appeal of a late-filing penalty. In such cases involving past years and omitted property assessments, this court has the power to waive or reduce that penalty. Plaintiff must provide a proper showing of good and sufficient cause. *Page 3 
 ORS 305.288(5)(b) defines what constitutes good and sufficient cause: "`Good and sufficient cause':
 (A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Plaintiff's reliance upon a third party to track the asset location does not relieve the responsibility to report. The situation may be based on misleading conduct, but not that of "an authorized tax official." Further, Plaintiff was unaware of the filing requirement until early 2008. That specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January30, 2009. The Court filed and entered this document on January 30,2009.
[1] All references to the Oregon Revised Statutes are to 2005. *Page 1